# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL      'O'

| | |
|---|---|
| Case No. | 5:18-cv-00778-CAS (KKx) |
| Title | UNCANNY VALLEY PRODUCTIONS, LLC V. BRIAN INGALLS |
| Date | May 3, 2018 |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**    (IN CHAMBERS) – PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Dkt. 8, filed May 2, 2018)

     The Court is in receipt of plaintiff's application for a temporary restraining order ("TRO"), filed May 2, 2018. However, the Court is unable to act on plaintiff's application at this time because it appears that plaintiff has failed to properly effectuate service on defendant. As a preliminary matter, there is no showing of personal service of the summons and complaint on defendant. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4 provides the methods for serving a defendant named in a federal lawsuit. See Fed. R. Civ. P. 4(e) (serving an individual within a judicial district of the United States). Until defendant has been properly served with the summons and complaint and may appear in the action, the Court has no means to grant relief.

     Nor has plaintiff submitted any proof that defendant has been served with or otherwise put on notice of plaintiff's application for a TRO. A court may issue a TRO without notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and* (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). The Supreme Court and the Ninth Circuit have explained that "the circumstances justifying the issuance of an *ex parte* [TRO] are extremely limited." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438–39 (1974)). An *ex parte* TRO "may be appropriate 'where notice to the adverse party is impossible either because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:18-cv-00778-CAS (KKx) | Date | May 3, 2018 |
| Title | UNCANNY VALLEY PRODUCTIONS, LLC V. BRIAN INGALLS | | |

identity of an adverse party is unknown or because a known party cannot be located in time for a hearing.' " Reno Air Racing, 452 F.3d at 1131 (quoting Am. Can Co. v. Mansukhani, 742 F.3d 314, 322 (7th Cir. 1984)). But "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Id. (internal quotation marks omitted).

In accordance with the foregoing, plaintiff's ex parte application for a TRO is **DENIED** without prejudice to its renewal with the appropriate showing that proper service of process has been made upon defendant, or that issuance of the TRO is proper without notice pursuant to the strict requirements of Federal Rule of Procedure 65(b)(1). Service of the complaint and TRO must be in accordance with Fed. R. Civ. P. 4.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |