# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-00778-CAS (KKx) | Date | May 31, 2018 |
| Title | UNCANNY VALLEY PRODUCTIONS, LLC V. BRIAN INGALLS | | |

---

**Present: The Honorable**    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                   Not Present

**Proceedings:**     (IN CHAMBERS) – PLAINTIFF'S RENEWED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 17, filed May 25, 2018)

On April 17, 2018, plaintiff Uncanny Valley Productions, LLC filed this action for breach of contract and conversion against defendant Brian Ingalls d/b/a Big Iron Metal Works. Dkt. 1. The gravamen of the complaint is that plaintiff hired defendant to fabricate eight sculptures as part of an art installation at the Burning Man festival in Nevada; but after plaintiff timely paid all invoices for labor and materials, defendant refused to deliver four of the sculptures and has threatened to sell them to a third party. Id.

On May 2, 2018, plaintiff filed an ex parte application for a temporary restraining order ("TRO") enjoining defendant from selling or otherwise disposing of the four sculptures during the pendency of this action. Dkt. 8. On May 3, 2018, the Court denied the application without prejudice because plaintiff failed to show that issuing a TRO would be proper without notice to defendant pursuant to the strict requirements of Federal Rule of Procedure 65(b)(1). Dkt. 11. The Court denied plaintiff's renewed application on May 4, 2018, finding that the circumstances do not justify the issuance of a TRO on an ex parte basis and directing plaintiff to effectuate service of process before renewing its application. Dkt. 13.

After filing proof of service, plaintiff renewed its TRO application on May 25, 2018. Dkts. 15, 17. On May 30, 2018, defendant appeared pro se and requested an extension of time to file a response to the complaint and a possible counterclaim. Dkt. 19. By separate order, the Court granted the request and allowed defendant an additional 30 days to respond to the complaint. Defendant also filed a declaration stating that (1) he completed his work on the project and invoiced the remaining balance, but plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:18-cv-00778-CAS (KKx) | Date | May 31, 2018 |
|---|---|---|---|
| Title | UNCANNY VALLEY PRODUCTIONS, LLC V. BRIAN INGALLS | | |

refused to pay; and (2) he is holding the sculptures in secure storage and agrees not to sell or move them for six months or earlier if the Court issues a preliminary injunction. Dkt. 20.

Based on defendant's agreement not to sell or move the sculptures out of storage, the application for a TRO is moot.[1] Accordingly, the Court **DENIES** the application and issues an order to show cause why a preliminary injunction should not issue. The Court schedules a hearing for **July 2, 2018** at **10:00 a.m**. in Courtroom 8D of the First Street Federal Courthouse, 350 W 1st Street, Los Angeles, California. Defendant may file an opposition brief to plaintiff's motion for a preliminary injunction on or before June 18, 2018. Plaintiff may file a reply brief on or before June 25, 2018.

IT IS SO ORDERED.

                                                           00 : 00

Initials of Preparer       CMJ

---

[1] Plaintiff also requests that the Court order defendant to store the sculptures in a secure third-party location, or, in the alternative, to deliver the sculptures to plaintiff during the pendency of this action. Dkt. 8. However, because such an order would go beyond preserving the status quo, plaintiff is not entitled to this requested preliminary injunctive relief.